IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 13 2002

JAMES W. McCORMACK, CLERK
By: _____
DEPT. CLERK

SHARON PEDIGO NICHOLS                                                      PLAINTIFF

V.                              CASE NO. 4-02-CV-00290 JMM

LEXICODE CORPORATION                                                      DEFENDANT

**COMPLAINT**

This case assigned to District Judge _____
and to Magistrate Judge _____

COMES NOW Sharon Pedigo Nichols, by and through counsel, Harrill & Sutter, PLLC, and for her Complaint, she states:

## PARTIES AND JURISDICTION

1.      Sharon Pedigo Nichols (Plaintiff) is a resident and citizen of Saline County, Arkansas. LexiCode Corporation is a foreign corporation who, contracts with hospitals in the State of Arkansas and paid Arkansas taxes on Plaintiff's employment. This action is brought under the Family Medical Leave Act of 1993 (FMLA), the Fair Labor Standards Act (FLSA), Title VII of the Civil Rights Act of 1964, as amended (Title VII), the Pregnancy Discrimination Act (PDA), and the Arkansas Civil Rights Act of 1993 (ACRA). Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction under 28 U.S.C. §1367. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS OF FACT

2.      Defendant hired Plaintiff as a Consultant II in the contract division on June 15, 2000, with a report date of July 17, 2000.

3.      At all times relevant hereto, Plaintiff performed her job satisfactorily.

4.      Plaintiff advised Defendant that she was pregnant on January 12, 2001.

5.      In May of 2001, Plaintiff advised Defendant that she would be unable to fly on approximately July 20, 2001.

6. However, Plaintiff experienced complications with her pregnancy, and her physician eventually restricted her to complete bedrest.

7. After she became pregnant, Plaintiff was unable to work due to complications with her pregnancy and had been receiving short term disability benefits through a welfare benefit plan provided to her as a term and condition of her employment with Defendant.

8. Defendant, however, terminated Plaintiff on July 30, 2001.

9. Plaintiff's physician released her to return to work on or about September 27, 2001.

## COUNT I

10. Plaintiff realleges the foregoing as if fully set out herein.

11. Plaintiff had no fixed work site.

12. In fact, Plaintiff reported to Defendant at its location in Ballentine, South Carolina.

13. Indeed, Plaintiff reported to Defendant's Ballentine, South Carolina office and received her assignments from this office.

14. By the date of her termination, July 30, 2001, Plaintiff had worked for Defendant for more than one year.

15. On each day in July of 2001, Plaintiff had worked for Defendant for more than 1,250 hours in the year preceding each such day in an industry affecting interstate commerce.

16. Defendant employed fifty or more than fifty employees within seventy-five miles of its Ballentine, South Carolina facility on each day in the year 2000 and 2001 in an industry affecting interstate commerce.

17. As a result of her pregnancy, Plaintiff consulted a physician on more than two occasions and was unable to work for more than four consecutive calendar days.

18. Despite giving timely and proper notice of her need for leave, Defendant failed to give Plaintiff notice of her rights and responsibilities under the FMLA, as is required by 29 C.F.R. § 825.301(c).

19. By virtue of the facts alleged herein, Defendant deprived Plaintiff of her rights under the FMLA in violation of the FMLA.

20. Indeed, Defendant retaliated against Plaintiff by terminating her for circumstances under which similarly situated persons who had requested FMLA leave were not terminated.

21. As a direct and proximate cause of Defendant's acts or omissions as alleged herein, Plaintiff has suffered severe mental, emotional, and physical distress, lost wages, lost fringe benefits, lost earning capacity and incurred expenses that would not otherwise have been incurred.

22. All of Defendant's actions have been willful.

## COUNT II

23. Plaintiff realleges the foregoing as if fully set out herein.

24. Defendant was employed in a position that is non-exempt under applicable law.

25. However, Defendant refused to pay Plaintiff for work done in the furtherance of its interests, as well as work that exceeded forty hours per week.

26. Plaintiff requested to be paid for this time in accordance with federal law, but Defendant refused.

27. Accordingly, Plaintiff alleges that Defendant has retaliated against her for invoking her rights under the FLSA and has denied Plaintiff protection under the FLSA.

28. As a direct and proximate cause of Defendant's acts or omissions as alleged herein, Plaintiff has suffered severe mental, emotional, and physical distress, lost wages, lost fringe benefits, lost earning capacity and incurred expenses that would not otherwise have been incurred.

29. All of Defendant's actions have been willful.

## COUNT III

30. Plaintiff realleges the foregoing as if fully set out herein.

31.     By virtue of the facts alleged herein, Plaintiff was a pregnant female.

32.     Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and now timely files this action within ninety days of receiving her Right to Sue Letter.

33.     Upon information and belief, Plaintiff alleges that she was replaced by an individual who was not pregnant, or who had not requested leave.

34.     Plaintiff, in good faith, believed that she was a person with a disability and requested leave as an accommodation.

35.     Nonetheless, Defendant terminated Plaintiff for circumstances under which similarly situated, non-pregnant employees were not terminated in violation of the PDA. Alternatively, Plaintiff alleges that she was terminated for circumstances under which similarly situated, male employees were not terminated in violation of Title VII.

36.     Plaintiff requested accommodation, which is a protected activity. Accordingly, Plaintiff alleges that Defendant retaliated against her for requesting accommodation in violation of the ADA.

37.     As a direct and proximate cause of Defendant's acts or omissions as alleged herein, Plaintiff has suffered severe mental, emotional, and physical distress, lost wages, lost fringe benefits, lost earning capacity and incurred expenses that would not otherwise have been incurred.

38.     Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

## COUNT IV

39.     Plaintiff realleges the foregoing as if fully set out herein.

40.     By virtue of the facts alleged herein, Defendant has discriminated against Plaintiff on the basis of her sex in violation of the ACRA.

41. Alternatively, Plaintiff alleges that Defendant has retaliated against her for opposing illegal employment practices.

42. As a direct and proximate cause of Defendant's acts or omissions as alleged herein, Plaintiff has suffered severe mental, emotional, and physical distress, lost wages, lost fringe benefits, lost earning capacity and incurred expenses that would not otherwise have been incurred.

43. Defendant's actions have been so egregious so as to warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for appropriate compensatory damages; for punitive damages on Count III and Count IV; for liquidated damages on Count I and Count II; for reinstatement or other equitable relief; for an injunction requiring Defendant to remove all adverse information from Plaintiff's personnel file; for back pay and fringe benefits; for a trial by jury; for reasonable attorneys' fees; for costs; and for all other just and proper relief.

Respectfully submitted,

HARRILL & SUTTER, PLLC
Attorneys at Law
310 Natural Resources Drive
Post Office Box 26321
Little Rock, Arkansas 72221-6321
501/224-1050

By: _____
L. Oneal Sutter, Ark. Bar No. 95031

G:\DOC\PEDIGO\CPLT2